UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John C. Collum,<br><br>      Plaintiff,<br><br>v.<br><br>City of Chicago, Illinois,<br><br>      Defendant. | No. 23 C 2835<br><br>Judge Sara L. Ellis |

## ORDER

The City of Chicago moves to withdraw the reference of Adversary Proceeding No. 22-178 from the United States Bankruptcy Court for the Northern District of Illinois pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011. The Court denies the City's motion without prejudice and grants the City leave to refile upon resolution of its motion to dismiss pending in the Bankruptcy Court. See Statement.

## STATEMENT

On November 4, 2022, Plaintiff John C. Collum filed an adversary complaint against the City of Chicago in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), alleging that the City violated the Bankruptcy Code's automatic stay provision. *See Collum v. City of Chicago*, Case No. 22-178, Doc. 1 (Bankr. N.D. Ill. Nov. 4, 2022); *see also* 11 U.S.C. § 362(a)(4), § 362(a)(6). Upon the Bankruptcy Court's denial of the City's motion to dismiss, Docs. 17, 18, 23, Collum filed a Second Amended Complaint alleging, among other things, that the City denied Collum the right to the possession, use, and control of his motor vehicle and due process of law in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment, Doc. 22. The City moved to dismiss Collum's § 1983 claim and one other claim pursuant to Rule 12(b)(6). Doc. 28. The Bankruptcy Court docket reflects a hearing scheduled on the motion for October 4, 2023, Doc. 40, although the Bankruptcy Court does not appear to have set a briefing schedule. The City now moves to withdraw the reference so this Court can rule on the City's pending motion to dismiss.

Under 28 U.S.C. § 1334, federal district courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the Bankruptcy Code. *See In re Neumann Homes, Inc.*, 414 B.R. 383, 385–86 (N.D. Ill. 2009). A district court may, however, refer those bankruptcy proceedings to the Bankruptcy Court. *See id.*; *Chatz as Tr. of Creditor Tr. created by Operation of Amended Joint Liquidating Plan of Reorganization v. World Wide Wagering, Inc.*, No. 17 C 4229, 2018 WL 11189350, at *2 (N.D. Ill. Feb. 26, 2018). In this district, "bankruptcy matters are referred to the bankruptcy court as a matter of course." *Chatz*, 2018 WL 11189350, at *2 (citing N.D. Ill. LR 40.3.1(a)). Still, pursuant to 28 U.S.C. § 157(d), a district court may

withdraw the reference to the Bankruptcy Court for "cause shown." *Id.* Withdrawal can be either permissive or mandatory. *See* 28 U.S.C. § 157(d); *see also Cordova v. City of Chicago*, 618 B.R. 244, 246 (N.D. Ill. 2020).

Here, the City moves for both mandatory and permissive withdrawal. The City moves for mandatory withdrawal pursuant to 28 U.S.C. § 157(b)(5), which provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). The City contends that Collum's § 1983 claim constitutes a personal injury tort, and so this Court, and not the Bankruptcy Court, must hear it. The City further asserts that because this Court must hear Collum's § 1983 claim, it should exercise its discretion to withdraw the reference entirely in consideration of judicial economy. Collum disagrees, contending that his § 1983 claim, which seeks only injunctive relief and economic damages for alleged unlawful possession of his motor vehicle, does not constitute a "personal injury tort" for purposes of the mandatory withdrawal provision. Moreover, he argues (and the City does not dispute) that his claims alleging violations of the automatic stay provision constitute core proceedings. As such, Collum argues that the Court should not exercise its discretion to withdraw the reference as the Bankruptcy Court is better suited to hear those claims.

At this time, the Court need not delve into the merits of the parties' arguments. Even if Collum's § 1983 claim constitutes a personal injury tort for which § 157(b)(5) mandates withdrawal of the reference, the Court need not do so in advance of the Bankruptcy Court's ruling on the City's motion to dismiss; § 157(b)(5) concerns *trial*. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims *shall be tried* in the district court in which the bankruptcy case is pending." (emphasis added)); *In re Freeway Foods of Greensboro, Inc.*, 466 B.R. 750, 777–78 (Bankr. M.D.N.C. 2012) ("Section 157(b)(5) unequivocally states that the forum for *trying* a personal injury tort or wrongful death claim is limited to the district court." (emphasis added) (citation omitted) (internal quotation marks omitted)); *In re Chateaugay Corp.*, 111 B.R. 67, 76 (Bankr. S.D.N.Y. 1990) ("It cannot be disputed that [t]he obvious purpose of the 1984 Amendments is to prevent bankruptcy courts from *trying* personal injury tort and wrongful death actions." (emphasis added) (citation omitted) (internal quotation marks omitted)), *aff'd*, 130 B.R. 403 (S.D.N.Y. 1991), *aff'd in part, rev'd in part*, 961 F.2d 378 (2d Cir. 1992), *and aff'd*, 146 B.R. 339 (S.D.N.Y. 1992). As numerous courts have held, § 157(b)(5) "allow[s] for pretrial consideration of personal injury tort claims by the bankruptcy court, including a determination that such a claim is legally unenforceable." *In re UAL Corp.*, 310 B.R. 373, 381 (Bankr. N.D. Ill. 2004); *see also In re Cedar Funding, Inc.*, 419 B.R. 807, 819 (B.A.P. 9th Cir. 2009) (explaining that in the Ninth Circuit, "bankruptcy courts are not divested of pre-trial jurisdiction over matters which they ultimately may be unable to decide"); *In re Roman Cath. Diocese of Rockville Ctr.*, 650 B.R. 765, 776 (Bankr. S.D.N.Y. 2023) ("While a Bankruptcy Court cannot assess the substantive merits of a personal injury tort claim, . . . . there is no such proscription for summarily disposing of claims which have no basis

in law, on a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56."); *In re Freeway Foods*, 466 B.R. at 777–78 (the bankruptcy court had the "authority to preside over the claim and adjudicate motions, including dispositive motions, until it is ready for trial"); *In re G-I Holdings, Inc.*, 323 B.R. 583, 615 (Bankr. D.N.J. 2005) ("While 28 U.S.C. § 157(b)(5) requires the district court to order personal injury tort and wrongful death claims be tried in that court, § 157(b)(5) does not affect pretrial proceedings."); *In re Wysong & Miles Co.*, No. 04-10005, 2005 WL 3723200, at *4 (Bankr. M.D.N.C. Dec. 29, 2005) ("[T]he general rule is that nothing prevents a bankruptcy court from conducting pre-trial proceedings on personal injury tort claims."); *In re Chateaugay Corp.*, 146 B.R. 339, 343 (S.D.N.Y. 1992) ("The Bankruptcy Court was correct in concluding that the actual provisions of 28 U.S.C. § 157 . . . compel a finding that the Bankruptcy Court has jurisdiction to disallow legally deficient personal injury tort and wrongful death claims in the first instance."). *But see Moore v. Idealease of Wilmington*, 358 B.R. 248, 252 (E.D.N.C. 2006) ("Although some courts construe section 157(b)(5)'s use of the term 'tried' to mean that a bankruptcy court may resolve pre-trial motions in such actions, this court believes that (absent consent) a district court should retain control over all aspects of personal injury tort claims under section 157.").

      Should the Bankruptcy Court grant the City's motion to dismiss Collum's § 1983 claim, his remaining claims—which the parties acknowledge constitute core bankruptcy proceedings, *see* Doc. 1 at 6—should remain in the Bankruptcy Court.  *See In re Neumann Homes, Inc.*, 414 B.R. at 386 (explaining that although courts consider numerous factors when determining whether a party has shown cause for permissive withdrawal of the reference, "it is axiomatic that the most important factor is whether the claim is core or non-core"); *Cordova*, 618 B.R. at 249 n.5 (denying the City's motion to withdraw the reference where the adversary complaint alleged that the City violated the Bankruptcy Code's automatic stay provision, a core proceeding, and reasoning that "[t]he most important of the factors [that district courts consider] is whether the proceeding is 'core' or 'non-core' to bankruptcy"); *see also id.* at 249 ("[P]ermissive withdrawal is not favored.").  However, should the Bankruptcy Court deny the City's motion to dismiss Collum's § 1983 claim, the City may refile its motion to withdraw the reference and the Court will reconsider its motion at that time.

      For the foregoing reasons, the Court denies the City's motion to withdraw the reference [1] without prejudice with leave to refile.

Date:  September 19, 2023                                                                               s/__Sara L. Ellis_____